IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO,
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:19-cr-0776-01 |
| Plaintiff, | Judge James G. Carr |
| v. | |
| Danya Plontz, | **ORDER** |
| Defendant. | |

Pending is the Defendant's Motion to Reduce Sentence under Amendment 821 to the Sentencing Guidelines. (Doc. 88). In accordance with this Court's Order, after filing the Motion *pro se,* the matter was referred to the Federal Public Defender's Office (FPD) for review. N.D. Ohio General Order 2023-20, ¶I (11/21/2023). Under this Order, the FPD has the right to file a supplemental motion in support of a *pro se* defendant's request. *Id.* ¶V. The FPD filed a Supplemental Motion. (Doc. 92). The Government filed a Response in Opposition. (Doc. 93). Defendant filed a Reply (Doc. 94) and a Supplemental Exhibit in Reply, consisting of certificates of completion of BOP programs. (Doc. 95).

For the reasons that follow, I deny the Defendant's Motion.

## Background

On November 4, 2020, Defendant, pled guilty to two Counts of Conspiracy and later signed a Plea Agreement memorializing the plea. (Doc. 42). At the time of sentencing, Defendant's Total Offense Level was a 29. (Doc. 56, pgID 352, 356). With zero Criminal History Points, her Criminal History Category was a I. (*Id*.). This put Defendant's Guideline Range at

1

87-108 months. (*Id.*). On April 6, 2021, I sentenced her to 87 months for each Count to run concurrently. This sentence was the bottom of her Guideline Range. (Doc. 74).

## Discussion

The U.S. Sentencing Commission added a provision to the Sentencing Guidelines providing a two-level offense reduction for offenders who present zero criminal history points and who are otherwise eligible.[1] Defendant argues she is eligible for the two-level reduction under 18 U.S.C. § 3582(c)(2)[2] and U.S.S.G. § 4C1.1 because she had zero criminal history points. This being so, her Total Offense Level is reduced to a 27 and her Guideline Range is 70-

---

[1] Part B (Zero-Point Offenders)
§ 4C1.1. Adjustment for Certain Zero-Point Offenders
(a) ADJUSTMENT.—If the defendant meets all of the following criteria:
(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;
decrease the offense level determined under Chapters Two and Three by 2 levels.

[2] This section provides: [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

87 months. She asks that I reduce the sentence issued, which is now the top of the range (87 months), to the bottom of the range (70 months). (Doc. 92, pgID 694).

The Government concurs Defendant is technically eligible, but argues due to Defendant's history and characteristics and when applying the other § 3553(a) factors, the request should be denied. (Doc. 93, pgID 698). I agree.

As the Government notes, Defendant's drug operations were large in scale, lengthy, deviously disguised, and highly dangerous. The fractional portion of the substances the crime lab tested confirmed Defendant distributed eighteen different controlled substances and analogues, including the highly dangerous analogue, Butrylfentanyl. Her operations lasted at least two years. Defendant created fronts for her activity from a purported nutritional supplement company to disguising certain transactions under a bridal business.

Defendant imported substances from China, claiming the packages contained clothing, supplements, bridal gifts or birthday cards. She had the packages directly mailed to various family members at various addresses, who would then give them to Defendant or distribute them to addresses at the Defendant's direction. In addition, Defendant mixed substances in the drug lab she created in the basement of her home where her minor child and mother were living. She then sold the chemical compounds through her fictitious supplement business, La Vita Bella.

When a prison inmate informed Defendant her website was too traceable, she enlisted the services of her co-defendant, Edward Jarcy, to develop a more private website launched through an offshore web host. Defendant initially denied the illegal activity, tearfully claiming among other things, she was making bath bombs. (Doc. 39, pgID 177-82).

Yet, despite the magnitude of the corruption and Defendant's deceit, I nonetheless sentenced her to the low end of her prior Guideline Range, which under the changes brought by

3

Amendment 821 is now the high end. Her sentence remains within the amended Guideline Range, and I find no reason to further reduce it.

I grant that, while incarcerated, Defendant appears to have taken steps to rehabilitate herself. Her efforts at rehabilitation, particularly with regard to her serious addiction, are clearly a positive factor in her favor.

Danger to the community is, though, not the only § 3553(a) factor that I must consider.

Balanced against this factor is the nature and extent of the Defendant's drug trafficking, and also the extreme measures she took in a cunning effort to avoid detection. In addition, she was undoubtedly aware of the dangers the various homemade chemical compounds posed to those to whom she distributed. These are also factors that I must take into consideration.

Defendant's was not a neighborhood operation. She distributed her chemical compounds to customers across the United States. The addiction that she fueled did not merely affect and debilitate her addict customers. It also affected the families of those to whom she sold. In terms of areas affected, hers was among the most, if not the most, extensive that has come to my attention during forty-five years as a Federal Judge – fifteen as a Magistrate Judge and the balance as a District Judge.

In addition, the profits Defendant earned – upwards of a million dollars – are, likewise, the largest of any drug dealing operation that has come to my attention during my judicial career. Through regrettable oversight, which I now realize, I failed to impose a fine at sentencing, which Defendant clearly deserved.

## Conclusion

In this case, in light of the foregoing, and upon review of the Presentence Report, I deem the factors of enhancing respect for the law and whether a sentencing-related decision is just to

be paramount. I have no doubt that given Defendant's criminal conduct, granting a sentence reduction would diminish, not enhance, respect for the law.

It is, accordingly, hereby

**ORDERED THAT:**

The Defendant's Motion to Reduce Sentence (Doc. 88) be, and the same hereby is, **denied**.

So ordered.

 /s/ James G. Carr
Sr. U.S. District Court Judge

.